IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANICE LETT )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PORTFOLIO RECOVERY ASSOCIATES, )<br>LLC )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.<br><br>**Jury Trial Demanded** |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Janice Lett ("Plaintiff"), is a natural person who at all relevant times resided in the State of Ohio, County of Cuyahoga, and City of Cleveland.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Portfolio Recovery Associates, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged credit card debt, Plaintiff sent Defendant written communication via email on October 29, 2010 requesting that

Defendant cease and desist all telephonic communications and communicate with Plaintiff though email alone.

12. Plaintiff agreed to the terms specified by Defendant in order for Defendant to cease all telephonic communication.

13. Despite its receipt and acknowledgment of Plaintiff's request to cease and desist all telephonic communication, Defendant continued to place telephone calls to Plaintiff's residential telephone line, including, but not limited to, calls places on March 18, 2011 at 8:33 A.M., March 18, 2011 at 2:33 P.M., March 21, 2011 at 8:13 A.M., March 23, 2011 at 8:41 A.M., March 23, 2011 at 1:33 P.M., March 24, 2011 at 8:08 A.M., March 24, 2011 at 9:52 A.M., March 25, 2011 at 8:35 A.M., March 25, 2011 at 1:48 P.M., March 25, 2011 at 7:45 P.M., March 28, 2011 at 7:45 P.M., March 29, 2011 at 7:37 P.M., March 31, 2011 at 8:30 A.M., March 31, 2011 at 3:33 P.M., March 31, 2011 at 6:40 P.M., April 1, 2011 at 10:49 A.M., April 1, 2011 at 10:49 A.M., April 1, 2011 at 3:02 P.M., April 2, 2011 at 9:12 A.M., April 4, 2011 at 11:32 A.M., April 4, 2011 at 5:23 P.M., April 5, 2011 at 7:44 P.M., April 6, 2011 at 1:38 P.M., April 14, 2011 at 7:41 P.M., April 15, 2011 at 12:05 P.M., April 17, 2011 at 3:19 P.M., April 18, 2011 at 8:44 A.M., April 18, 2011 at 4:55 P.M., April 19, 2011 at 8:25 A.M., April 19, 2011 at 12:09 P.M., April 19, 2011 at 5:06 P.M., April 20, 2011 at 8:45 A.M., April 20, 2011 at 11:44 A.M., April 20, 2011 at 1:04 P.M., April 21, 2011 at 5:40 P.M., April 22, 2011 at 2:08 P.M., April 25, 2011 at 5:10 P.M., April 25, 2011 at 7:55 P.M., April 26, 2011 at 7:30 P.M.,

April 27, 2011 at 9:58 A.M., April 27, 2011 at 8:37 P.M., April 28, 2011 at 4:11 P.M., April 28, 2011 at 7:39 P.M., April 29, 2011 at 3:39 P.M., May 2, 2011 at 11:44 A.M., May 2, 2011 at 4:43 P.M., May 3, 2011 at 11:03 A.M., May 3, 2011 at 5:25 P.M., May 3, 2011 at 7:37 P.M., May 4, 2011 at 8:43 A.M., May 5, 2011 at 8:08 A.M., May 5, 2011 at 4:41 P.M., and May 6, 2011 at 8:30 A.M.

14. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

15. Plaintiff repeats and re-alleges each and every allegation contained above.

16. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby demands a trial by jury.

This 9th day of September, 2011.

    WEISBERG & MEYERS, LLC

    /s/ Ronald S. Weiss
    Ronald S. Weiss
    Ohio Bar No. 0076096
    7035 Orchard Lake Road, Suite 600
    West Bloomfield, MI 48322
    RWeiss@AttorneysForConsumers.com
    (888) 595-9111 ext. 230
    (866) 565-1327 Fax
    *Lead Counsel for Plaintiff*

    **Correspondence address**

    Weisberg & Meyers, LLC
    5025 N. Central Ave., #602
    Phoenix, AZ 85012